**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4054**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

KENNETH RAY MATTHEWS,

               Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:16-cr-00061-RAJ-RJK-1)

Submitted: October 31, 2017                Decided: November 15, 2017

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James O. Broccoletti, ZOBY, BROCCOLETTI & NORMILE, P.C., Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, Darryl J. Mitchell, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Kenneth Ray Matthews for conspiracy to possess with intent to distribute and distribute cocaine, in violation of 21 U.S.C. § 846 (2012); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2012); and two counts of transferring a firearm to a felon, in violation of 18 U.S.C. § 922(d) (2012). Prior to trial, Matthews moved to suppress the evidence seized during a search of his residence pursuant to a warrant. The district court denied Matthews' motion, and a federal jury convicted him on the drug counts and one of the firearm counts. The court sentenced Matthews to 144 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Matthews argues that the court erred in denying his suppression motion. Specifically, Matthews contends that the court erred in determining that the warrant application contained sufficient probable cause once the erroneous information that Matthews was a felon was excised from the affidavit. In addition, Matthews argues that the information on which the court relied in determining that such probable cause existed was too stale to demonstrate that the probable cause existed at the time that the search warrant issued.

"We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. *Id.* "The duty of a reviewing court is simply to ensure that the magistrate had a substantial

2

basis for concluding that probable cause existed." *United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016) (internal quotation marks and alterations omitted).

Where erroneous information has been included in a warrant application, we will consider whether that information is material—i.e. whether it was necessary to the finding of probable cause. *Id.* at 117. "[T]he concept of probable cause is not subject to a precise definition." *United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011). In making a determination of whether probable cause exists, a judicial officer must "make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (internal quotation marks omitted). In making this determination, a court should recognize that "the nexus between the place to be searched and the items to be seized may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *Lull*, 824 F.3d at 119 (internal quotation marks omitted).

Moreover, "[a] valid search warrant may issue only upon allegations of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. McCall*, 740 F.2d 1331, 1335-36 (4th Cir. 1984) (internal quotation marks omitted). "Although there is no question that time is a crucial element of probable cause, [] the existence of probable cause cannot be determined by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." *United States v. Richardson*, 607 F.3d 357, 370 (4th Cir. 2010) (internal quotation marks omitted). In determining whether information is stale, we "look

to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized." *Id.* (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the court did not err in determining that sufficient probable cause existed without reference to the erroneous assertion of Matthews' felon status at the time that the warrant issued.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*